**PENNSYLVANIA RAILROAD COMPANY, Plaintiff-Appellee, v.
SCIOTO-SANDUSKY CONSERVANCY DISTRICT et al,
Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 5322.   Decided July 18, 1955.

Porter, Stanley, Treffinger & Platt, R. H. Treffinger, of Counsel, Columbus, for The Pennsylvania Railroad Company, plaintiff-appellee.

Allen I. Pretzman, Columbus, for defendant-appellant, The Scioto-Sandusky Conservancy District.

### OPINION

By THE COURT.

Submitted on motion of The Pennsylvania Railroad Company, plaintiff-appellee, seeking an order dismissing the appeal filed herein by the Sharon Realty Company upon the following grounds:

(a) Said Sharon Realty Company is not now and never was a party to this action;

(b) The order of May 31, 1955, overruling the motion of The Sharon Realty Company for an order making it a party defendant in this action is not a final order; and

(c) The judgment entered in cause No. 187,191 in the Common Pleas Court of Franklin County, under date of May 31, 1955, does not, in so far as The Sharon Realty Company is concerned, determine the action or prevent a judgment adverse to The Sharon Realty Company.

The record discloses that on March 30, 1953, the Pennsylvania Railroad Company in case No. 187,191, filed its petition alleging that the levy made by the Scioto-Sandusky Conservancy District under date of August 5, 1952, was illegal, void and a nullity, for various constitutional reasons.   The defendants named in this action were the Scioto-Sandusky Conservancy District, Newton A. Thatcher, the County Treasurer of Franklin County and Fred C. Dunn, the Auditor of Franklin

County. The relief sought was to enjoin permanently the levy of the District, to enjoin the collection of the tax and for an order directing a refund of the taxes paid. The plaintiff brought this action for and on behalf of itself and all other taxpayers in Franklin County and the City of Columbus.

The record discloses further that on May 15, 1953, The Sharon Realty Company, as plaintiff in cause numbered 187,519, commenced an action against Newton A. Thatcher and Fred C. Dunn, the Treasurer and Auditor respectively, of Franklin County, to enjoin the collection of the Conservancy District levy of August 5; to impound the tax as paid and for a refund of the tax paid and by a supplemental petition for attorneys' fees. This action by Sharon was brought for and on behalf of itself and all other taxpayers in Franklin County and the City of Columbus.

Although the parties plaintiff and the parties defendant in the two actions were different, the Common Pleas Court consolidated them for trial and the two cases came on for hearing and were heard together. In the Pennsylvania Railroad Company case the Court found in favor of the plaintiff and granted a permanent injunction against the levy and ordered a refund.

In the case in which the Sharon Realty Company was plaintiff the Court found that the petition failed to state a cause of action and directed the dismissal of the petition. Within a short time after the decision had been filed, The Sharon Realty Company filed a motion to be made a party defendant in case No. 187,191, the Pennsylvania Railroad Company case. This motion was overruled on May 31, 1955, and the notice of appeal is directed to this order as well as to the order and judgment in favor of the plaintiff in the Pennsylvania Railroad Company case. It is urged by the appellee that the order appealed from is not a final order and therefore the appeal should be dismissed. The motion was not accompanied by any petition or other pleadings setting out the interest, if any, which Sharon Realty might have in the case. The motion contains only the statement, "That in the event a judgment in action 187,191 based on the decision and finding of Judge James E. Kinnison, dated April 30, 1955, should become final, no effective judgment for the relief sought by plaintiff The Sharon Realty Company in action 187,519 could be granted."

The only necessary parties defendant in the Pennsylvania Railroad Company case, No. 187,191, were the District, the County Auditor, and the County Treasurer. **Secs. 2723.02 and 2723.03 R. C.** The Sharon Realty Company is not a necessary party in the action by the Pennsylvania Railroad Company and there is no showing that it is a proper party. Therefore, in overruling the motion no substantial right of the Sharon Realty Company was affected, and it was not a final order. **Sec. 2505.02 R. C.** It has its own action pending involving the same subject matter and its rights will be determined in that action. The order in no way prevents a judgment in favor of the Sharon Realty Company in its action, or divests it of any of its rights. We find a quite similar situation in the case of **Delaplane v. Delaplane, 84 Oh Ap 165,** wherein this Court held in the second paragraph of the syllabus:

"An order overruling a motion to be made a party to an action after judgment wherein a substantial right of the movant was not affected is not a final order from which an appeal may be taken."

In Hamilton v. Temple, 60 Oh Ap 94, the Court had under consideration the subject of "final orders" and at page 96 well defines the general requirements to constitute the same, saying,

"It is sufficient to say that if the order divests some right in such a manner as to put it beyond the power of the court making the order to place the parties in their original condition, after the expiration of the term, it is a judgment or final order. The order must determine finally some right of the parties to be appealable to this court."

The motion will be sustained for the reasons set forth therein.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.